UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PREBEN V. JENSEN and MARY J. JENSEN, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | No. SA:13-CV-1095 |
| JUDY ROLLINGER and RICK KNIGHT, | § § § § | |
| Defendants. | § § | |

ORDER: (1) GRANTING REQUEST FOR ISSUE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT; (2) DIRECTING ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

On December 4, 2013, Plaintiffs Preben Jensen and Mary Jensen ("the Jensens") filed a Verified Complaint in Admiralty against Defendants Judy Rollinger and Rick Knight ("Defendants"), requesting issue of a writ of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. (Dkt. # 1 at ¶ 4.)

The Jensens assert an action in Admiralty to foreclose on a Preferred Ship Mortgage held by the Jensens against Defendants, on which the Jensens allege Defendants have defaulted on in the amount of $96,000. (Dkt. # 1 ¶ 1.) Rule 9(h) of the Federal Rules of Civil Procedure provides:

1

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of . . . the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Fed. R. Civ. P. 9(h).

Here, the Jensens assert a claim for recovery to satisfy a maritime lien.[1] (Dkt. # 1 ¶ 3.) A maritime lien is a maritime claim as it falls under the Federal Maritime Lien Act. See 46 U.S.C. § 31342. The Jensens further assert that the Court has jurisdiction on the basis that assets of Defendants that may be attached are located within this District. (Id. ¶ 4.) Therefore, the Jensens' claim may be designated as a maritime claim for purposes of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. See Malin Intern. Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V., No. G-12-304, 2013 WL 126534, at *1 (S.D. Tex. Jan. 9, 2013) (holding that a maritime lien under the Federal Maritime Lien Act was maritime in nature and, thus, breach of contract

---

[1] The Jensens filed the Mortgage with the United States Coast Guard National Vessel Documentation Center ("NVDC") for recording as a Preferred Ship Mortgage, creating a maritime lien on the mortgaged vessel. See 46 U.S.C. § 31301, et seq. ("Maritime Lien Act"); Id. § 31322 (setting out conditions that must be met for a mortgage to be considered a preferred ship mortgage); Matter of Alberto, 66 B.R. 132 (Bkrtcy. D. N.J. 1985) (holding mortgage on yacht not perfected until Coast Guard records it in accordance with Ship Mortgage Act); 1 Thomas J. Schoenbaum, Admiralty and Mar. Law § 9–5, at 516 (5th ed.) ("Congress enacted the Ship Mortgage Act, which provides for a 'preferred ship mortgage' that creates a maritime lien against the mortgaged vessel.").

2

claim was a maritime claim creating admiralty subject matter jurisdiction to which Supplemental Rule B was applicable).

The Jensens seek attachment of various accounts held by Defendants in an effort to obtain security for the claims they have asserted against Defendants in relation to their action to foreclose on a Preferred Ship Mortgage.  Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that "[i]f a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process." Fed R. Civ. P. Supp. R. B(1)(a).  "Rule B is an adjunct to a claim in personam. When the defendant cannot 'be found within in the district,' the plaintiff may 'attach the defendant's goods and chattels.'" Sembawang Shipyard, Ltd. v. Charger, Inc., 955 F.2d 983, 987 (5th Cir. 1992).  "Thus, the plaintiff's claim is against the person, not the thing, but if the person cannot be found in the district, the plaintiff is protected by the ability to proceed against the thing." Id.

The Plaintiff has the burden of establishing a right to attachment and, to meet this burden, the Plaintiff must show "(1) a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found in the district; (3)

the defendant's property is within the district; and (4) there is no legal bar to attachment—either statutory or maritime in nature." Icon Amazing L.L.C. v. Amazing Shipping, Ltd., No. H-13-1449, 2013 WL 3243564, at * 4 (S.D. Tex. 2013 June 18, 2013).  In order to invoke Rule B, "[t]he plaintiff or the plaintiff's attorney must sign and file with the complaint stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district." Fed R. Civ. P. Supp. R. B(1)(a).

The Jensens allege that Defendants have defaulted on a Preferred Ship Mortgage held by the Jensens in the amount of $96,000 and assert an action to foreclose on the Mortgage.  (Dkt. # 1 ¶ 1.)  The complaint alleges that the Defendants have tangible and intangible assets, including accounts with garnishees Bank of America and Edward Jones, which are located in this District.  (Id. ¶ 21.) The complaint also alleges that Defendants are not present and cannot be found within the District and, upon information and belief, the Defendants are currently living on the Vessel in the Country of Panama with intent to remain there indefinitely.  (Id. ¶¶ 13, 20.)  Attached to the complaint is the affidavit of Plaintiff Preben Jensen, acknowledging he has read the complaint and to the best of his knowledge the factual allegations asserted in the complaint are true and accurate statements. (Id. at 8.)

Upon consideration, the Court determines the conditions of Rule B appear to exists, and accordingly authorizes process of attachment and garnishment.  The Court **GRANTS** the Jensens' request for issue of a writ of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and hereby **DIRECTS** the Clerk of Court to immediately issue a process of Maritime Attachment and Garnishment for Defendant's tangible or intangible property as described in the complaint up to the amount sued upon in the verified complaint—namely $96,000.

It is further **ORDERED** that any person claiming an interest in the property attached or garnished pursuant to this Order shall be entitled, upon application to the Court, to a prompt hearing at which Plaintiff shall be required to show why the attachment and garnishment should not be vacated or any other relief granted.

Finally, it is **ORDERED** that a copy of this Order be attached to and served promptly with the process of maritime attachment and garnishment.

**IT IS SO ORDERED.**

DATED:  San Antonio, Texas, December 10, 2013.

_____
David Alan Ezra
Senior United States Distict Judge