IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Preben V. Jensen, *et al.* | § § | |
| *Plaintiffs;* | § § | Civil Action No. 5:13-cv-01095-DAE |
| v. | § § | |
| Judy Rollinger *et al.* | § § § | |

§ § § § § § § § § § § § §   §   § § § § § § § § § § § § §

## APPLICATION FOR PRE-JUDGMENT WRIT OF GARNISHMENT

NOW COMES Plaintiffs Preben and Mary Jo Jensen, by and through their undersigned attorneys, praying this Honorable Court to grant a Writ of Garnishment against Defendants Judy Rollinger and Rick Knight, and states:

1. On December 10, 2013, the Jensens filed a Complaint with this Court under Rule B in admiralty, and in the alternative in diversity jurisdiction, against Rollinger and Knight.

2. On December 12, 2013, the Jensens served writs of garnishment against Edward Jones and Bank of America, attaching Rollinger and Knight's financial accounts in Texas. These writs were properly served pursuant to Admiralty Rule B to attach funds as security for the Jensens' claim.

3. In conversations between parties' counsel, it has become clear that Rollinger and Knight intend to challenge admiralty jurisdiction in this suit. A successful challenge could vacate the garnishments already made on Rollinger and Knight's funds, though the Court would still have diversity jurisdiction as pled in the Complaint. Because Rollinger and Knight currently reside in Panama, the Jensens are concerned that if the garnished funds

are vacated they will be left with no avenue of relief against Rollinger and Knight.

4. Anticipating this possibility, the Jensens hereby plead in the alternative for pre-judgment garnishment under Texas law. This alternative mode of garnishment is redundant at present, but necessary to avoid the vacating of presently garnished funds in the unlikely event that the Court should find admiralty jurisdiction lacking.

5. Under Rule 64(a), state remedies that provide for seizure of property to secure satisfaction of a potential judgment are available in Federal Court. The laws of Texas allow for pre-judgment garnishment in a suit against a defendant debtor. Tex. Civ. Prac. & Rem. Code § 63.001(2).

6. The Texas statute provides for garnishment when a plaintiff sues for a debt and makes an affidavit stating that:
    a. the debt is just, due, and unpaid;
    b. within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and
    c. the garnishment is not sought to injure the defendant or the garnishee.

7. The Jensens have sued for a debt, and that debt is just, due, and unpaid. As pled in the Complaint, the Jensens assert that they entered into an agreement with Rollinger and Knight, whereby the Jensens would lend Rollinger and Knight $100,800, and Rollinger and Knight would repay the Jensens at the rate of $4,200 per month.

8. Rollinger and Knight have failed to make monthly payments to the Jensens since February of 2013, and owe a total of $96,000 to the Jensens on the agreement.

9. The Jensens' counsel have made good faith efforts to locate property owned by Rollinger and Knight in Texas. These efforts include searching Texas UCC filings, public land

records, and the LexisNexis Asset Report database. In these efforts, the only property found belonging to Rollinger or Knight was a house at 17710 Mantana Drive, Spring, Texas, which is suspected to be a homestead, and therefore not subject to execution.

10. The Jensens do not seek this garnishment to injure or harm the defendants Rollinger and Knight or any garnishees. The funds subject to garnishment have already been attached pursuant to the Jensens Rule B filing with the Court. Rather, the Jensens seek garnishment in order to insure continued security for their claim, in light of Rollinger and Knight's anticipated challenge to this Court's admiralty jurisdiction.

11. The affidavits required under Tex. Civ. Prac. & Rem. Code § 63.001(2) are attached as Exhibits A and B to this Application.

12. Under Texas Rule of Civil Procedure 658, "No writ [of garnishment] shall issue before final judgment except upon written order of the court after a hearing, which may be ex parte." This Court is not bound by the Texas rule, however the Jensens concede that as they are pursuing a Texas state law remedy, Texas procedural rules regarding the remedy ought to be consulted. Therefore, unless the Court in its discretion finds such a hearing unnecessary to issue a writ, the Jensens request a hearing as would be required under Texas Rule of Civil Procedure 658.

13. Texas Rule 658 also provides that an order for a pre-judgment writ of garnishment shall specify a bond posted by plaintiff "in an amount which, in the opinion of the court, shall adequately compensate defendant in the event plaintiff fails to prosecute his suit to effect, and pay all damages and costs as shall be adjudged against him for wrongfully suing out the writ of garnishment." Again acknowledging that this Court is not bound by the Texas Rules, but conceding that these rules should be consulted, Plaintiffs respectfully request a

bond amount of $2,000 upon issuance of the writ if the Court finds such a bond is necessary.

WHEREFORE, Plaintiffs Preben and Mary Jo Jensen pray:

A. That this Honorable Court issue an Order directing the Clerk of Court to issue a Writ of Garnishment attaching all of Defendant's tangible or intangible property or any other funds held or owed by Garnishees Bank of America Corporation and Edward D. Jones & Co., L.P., which are due and owing to this Defendant up to and including the principal amount of at least USD $96,000.00, plus accrued and accruing interest, to secure the Plaintiffs' claim,

Respectfully submitted,

/s/ Wade B. Shelton
Wade B. Shelton
Shelton & Valadez PC
600 Navarro, ste. 500
San Antonio, TX 78205-1860
210-349-0515 (telephone)
210-349-3666 (facsimile)
wshelton@shelton-valadez.com
SBOT 18211800


/s/ Todd D. Lo
Todd D. Lochner
(Admitted Pro hac vice )
Lochner Law Firm, P.C.
182 Duke of Gloucester Street
Annapolis, MD 21401
(443) 716-4400
tlochner@boatinglaw.com
Attorneys for Plaintiffs
Maryland District Court Federal Bar #25691

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Preben V. Jensen, *et al.* § § | |
| *Plaintiffs;* § | Civil Action No. 5:13-cv-01095-DAE |
| § | |
| v. § | |
| § | |
| Judy Rollinger, *et al.* § § | |
| *Defendants* § | |

§ § § § § § § § § § § § § § § § § § § § § § § § § § § §

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2014, I the above Application for Pre-Judgment Writ of Garnishment was electronically filed with the Clerk of Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Philip Snyder
Royston Rayzor
Fountainhead Tower
8200 I.H. 10 West, Suite 610
San Antonio, Texas 78230
*Attorneys for Defendants*

Kim Swayne
Restricted Account Manager
130 Edward Jones Blvd.
St Louis, MO 63043
*Garnishee Edward Jones*

Evan A. Moeller
HIRSCH & WESTHEIMER, P.C.
Bank of America Center
1415 Louisiana, 36th Floor
Houston, Texas 77002
*Attorney for Garnishee Bank of America*

/s/
Todd. D. Lochner

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| Preben V. Jensen, *et al.* | § | |
| --- | --- | --- |
| | § | |
| *Plaintiffs;* | § | Civil Action No. 5:13-cv-01095-DAE |
| v. | § | |
| | § | |
| Judy Rollinger *et al.* | § | |
| | § | |
| § § § § § § § § § § § § § § | § | § § § § § § § § § § § § § § |
| | § | |

## AFFIDAVIT OF PREBEN JENSEN

The undersigned affiant, Preben Jensen, under penalty of perjury, deposes and says:

1. I am over eighteen years of age and am competent to testify as to the matters here set forth.

2. I make this affidavit on the basis of my personal knowledge.

3. I am a plaintiff in this lawsuit.

4. I and my wife, Mary Jo Jensen, entered into a loan agreement with Judy Rollinger and Rick Knight. The terms of this agreement were that we would lend Rollinger and Knight the sum of $100,800, and that Rollinger and Knight would repay us at a rate of $4,200 per month.

5. Since February of 2013, Rollinger and Knight have failed to make any payments on the debt, and owe us a total of $96,000 outstanding on the agreement.

EXHIBIT A

6. Consequently, our debt against the Jensens is just, due, and unpaid.

7. This garnishment is not sought to injure either of the defendants Rollinger or Knight, or to injure any garnishees in this matter.

Date: 1-17-14

Signed: *[signature]*

Preben Jensen

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Preben V. Jensen, *et al.* | § | |
| | § | |
| *Plaintiffs;* | § | Civil Action No. 5:13-cv-01095-DAE |
| v. | § | |
| | § | |
| Judy Rollinger *et al.* | § | |
| | § | |
| § § § § § § § § § § § § § § | § | § § § § § § § § § § § § § § |
| | § | |

## AFFIDAVIT OF GREGORY SINGER

The undersigned affiant, Gregory Singer, under penalty of perjury, deposes and says:

1. I am over eighteen years of age and am competent to testify as to the matters here set forth.

2. I make this affidavit on the basis of my personal knowledge.

3. I am a practicing attorney in the State of Maryland

4. I work for Lochner Law Firm, P.C., counsel for Plaintiffs Preben and Mary Jo Jensen in this matter.

5. To my personal knowledge, defendants Rollinger and Knight do not possess property in Texas sufficient to satisfy the debt alleged in their Complaint.

6. I base this knowledge upon my good faith efforts to locate property owned by Rollinger and Knight in Texas. These efforts include searching Texas UCC filings, public land

records, and the LexisNexis Asset Report database. In these efforts, the only property I found belonging to Rollinger or Knight was a house at 17710 Mantana Drive, Spring, Texas, which is suspected to be a homestead, and therefore not subject to execution

Date: February 3, 2014

Signed:

Gregory Singer, Esq.
Lochner Law Firm, P.C.
182 Duke of Gloucester Street
Annapolis, MD 21401
(410) 263-4464
gsinger@boatinglaw.com
*Attorneys for Plaintiffs*

```
BANK OF AMERICA, N.A.                    Page 001 of 002              H
WEST RETURN ITEMS                        Bank    : 00318
                                         Center  :
                                         Divider : 2,871
                                         Code    : 1

                                         Deposit Account :xxxxxxxxx4197
                                         Charge Account  :xxxxxxxxx4197
   >000250 3188688 0001 008239 10Z       Store/Reference :000000000000000
   PREBEN V JENSEN
   MARY J JENSEN
   PO BOX 1575
   FRISCO   CO      80443-1575
   US

                                         Date of Notice: 03-25-2013
```

Dear Valued Customer:

We are writing to notify you that the item or items listed below, which were deposited to your account, have been returned unpaid. As a result, we have charged them to your account. Please adjust your account records by subtracting the total shown below.

```
Number of Returned Items:              1
Amount of Returned Item(s):     4,200.00
Return Items Fee:                  12.00
Total:                          4,212.00

SEQUENCE/    ABA NUMBER/    MAKER NAME/       RETURN REASON/          AMOUNT
  DEP DATE    DEP AMOUNT    CHECK DATE          Additional Data
                                              Stop Payment          4,200.00
  3/20/2013     4,200.00
```

If you have any questions or need additional information, please contact one of our customer service representatives toll-free at 1-800-432-1000. We appreciate your business and look forward to serving you in the future.

Sincerely,
Returns & Exceptions

Exhibit B (Redacted)


EXHIBIT B





## STOP PAYMENT

| Account: | | $4,200.00 |

JUDITH ANN ROLLINGER
LINDA M JOSLIN
17710 MANTANA DR
SPRING, TX 77388-5044

Please Direct Any Questions
To 877-246-7923
Payment Processing Center
P.O. Box 1079
Hickory NC 28603-1024

NORTHERN TRUST

70-2382/718

March 05, 2013

Pay FOUR THOUSAND TWO HUNDRED AND 00/100 — — — — — — — — — — — — — DOLLARS

$ ******4,200.00

To The Order Of
PREBEN JENSEN
PO BOX 1575
FRISCO CO 80443-1575

REMITTANCE VOID IF NOT CASHED WITHIN 60 DAYS

AUTHORIZED SIGNATURE

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON-C
STOP PAYMENT

03/25/2013

Exhibit B (Redacted)