IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Preben V. Jensen, | § |
| Mary J. Jensen, | § Civil Action No. 5:13-cv-01095-DAE |
| Plaintiffs; | § |
| v. | § |
| Judy Rollinger | § |
| and | § |
| Rick Knight | § |
| and | § |
| United States Coast Guard | § |
| *Admiral Robert J. Papp, Jr., in his official capacity as Commandant of the Coast Guard* | § |
| Defendants | § |

**FIRST AMENDED VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT AND DECLARATORY JUDGMENT**

Plaintiffs Preben Jensen and Mary Jensen ("Jensens"), by and through their attorneys, file this First Amended Verified Complaint in Admiralty against Defendants Judy Rollinger and Rick Knight ("Defendants"), alleging upon information and belief as follows:

**SUMMARY OF ACTION**

1. This is an action in Admiralty to foreclose on a Preferred Ship Mortgage held by

1

Plaintiffs against Defendants Rollinger and Knight, which Defendants have defaulted on in the amount of $96,000. Plaintiffs respectfully request this Honorable Court to authorize process of attachment and garnishment of certain financial accounts held by Defendants within this District under Supplemental Admiralty Rule B, as detailed below.

2. In the alternative, Plaintiffs allege a contractual claim on the Mortgage under this Court's Diversity Jurisdiction, in the amount of $96,000, and respectfully request this Court to attach Defendants' accounts under the auspices of Federal Rule of Civil Procedure 64 and Texas law remedies, to wit: Texas Civ. Prac. & Rem. Code § 63.

3. As the status of the Mortgage as a Preferred Ship Mortgage is disputed, and is the pivotal issue in the resolution of the parties' claims, Plaintiffs respectfully request this Court to render a Declaratory Judgment that Plaintiffs Preben and Mary Jo Jensen hold a Preferred Ship Mortgage on the Vessel in this matter. Plaintiffs join the United States Coast Guard as Defendants in this Declaratory Judgment action, given that they are currently processing Plaintiffs' appeal for recording a Preferred Ship Mortgage.

4. Finally, Plaintiffs seek a Preliminary Injunction against the U.S. Coast Guard to restore Plaintiffs' Preferred Ship Mortgage application to its status as of December 10, 2013, the day on which Plaintiffs filed this action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves a claim for recovery to satisfy a maritime lien.

6. The jurisdiction and venue of this Honorable Court is founded on the presence within the District of assets of the Defendant that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as pled in this First Amended Verified Complaint, *infra*.

7. In the alternative, this jurisdiction and venue are proper with this Honorable Court based on 28 U.S.C. § 1332, diversity of citizenship. Defendants Rollinger and Knight are both citizens of Texas, Plaintiffs are both citizens of Colorado, and their claim is made in the amount of $96,000.

## PARTIES

8. Preben and Mary Jensen are natural persons, Husband and Wife, residing in the State of Colorado.

9. Judy Rollinger and Rick Knight are natural persons, who upon information and belief currently are citizens of Texas but residing in the Country of Panama.

10. The United States Coast Guard is a branch of the United States Armed Forces, which operate under the Department of Homeland Security. Admiral Robert J. Papp, Jr. is the Commandant of the Coast Guard.

## UNDERLYING FACTS

11. On July 19, 2012 the Jensens as lenders and Defendants as borrowers, entered into a vessel mortgage agreement ("Mortgage"), attached as Exhibit A, to provide financing for a Trans Pac 49 sailing vessel "Chasing Sunsets", ("the Vessel") HIN # TMUA49140778, USCG vessel documentation # 1035965, in the amount of $100,800.00 (One Hundred Thousand, Eight Hundred Dollars). The Vessel was sold by the Jensens to the Defendants, who currently own the

vessel.

12. Pursuant to the Mortgage, Defendants agreed to pay the Jensens monthly installments of $4,200.00 (Four Thousand Two Hundred Dollars) until the principal sum had been paid in full, with the first monthly installment due on January 5, 2013.

13. On March 25, 2013, after Defendants made two monthly payments under the Mortgage, the Jensens received a Stop Payment Notice, attached as Exhibit B, from Defendants' bank, informing the Jensens that the Defendants had cancelled the monthly fund transfer between the parties' bank accounts pursuant to the Mortgage.

14. On April 18, 2013, the Jensens gave notice to the Defendants that the latter had failed to pay the amount due under the Mortgage for the past two months.

15. The balance due on the Mortgage is $96,000.00 (Ninety-Six Thousand Dollars).

16. Upon information and belief, Defendants currently live on the Vessel in the Country of Panama with intent to remain there indefinitely to, among other things, evade enforcement of the Mortgage.

17. On November 26, 2013, Plaintiffs filed the Mortgage with the U.S. Coast Guard National Vessel Documentation Center ("NVDC") for recording as a Preferred Ship Mortgage, creating a maritime lien on the vessel. This submission included the original executed instrument, along with an Affidavit of Acknowledgement attesting to the signatures thereto.

18. On December 12, 2013, Plaintiffs served writs of garnishment on Bank of America and Edward Jones, attaching property held by Defendants Rollinger and Knight in Texas.

19. On December 17, 2013, Plaintiffs received a deficiency letter from the NVDC, indicating that the Mortgage was not eligible for filing or recording as a Preferred Ship

Mortgage.

20. On January 8, 2014, Plaintiffs appealed the NVDC decision to NVDC's director, Captain Timothy Skuby.

21. On January 10, 2014, Captain Timothy Skuby responded affirming the NVDC's decision.

22. On January 14, 2014, Plaintiffs appealed the NVDC's decision to the Commandant of the United States Coast Guard, where it is awaiting review. The substance of Plaintiffs' appeal is that the instrument is a Mortgage and therefore eligible for recording, despite its title as a "Promissory Note," and that the Mortgage was filed in substantial compliance with the Ship Mortgage Act requirements, 46 U.S.C. § 31321.

23. Plaintiff asserts that, notwithstanding the NVDC's decision and the appeal process, Plaintiffs' Mortgage was "filed" on November 26, 2013, as per 46 CFR § 67.215, and the filing may not be terminated until 90 days after the NVDC sent its December 16 deficiency letter, as per 46 CFR § 67.217(b). Therefore, for the purposes of this litigation, the Mortgage continues to be a Preferred Ship Mortgage under 46 U.S.C. § 31322 and admiralty jurisdiction remains proper.

## COUNT I

### APPLICATION FOR ATTACHMENT UNDER

### SUPPLEMENTAL ADMIRALTY RULE B

#### (Defendants Rollinger and Knight)

24. Having filed with the NVDC a mortgage for the whole of the Vessel, Preben and Mary Jensen hold a Preferred Ship Mortgage on the Vessel under 46 U.S.C. § 31322.

25. On March 25, 2013, and at all times thereafter, Defendants have been in default

on the Preferred Mortgage.

26. Plaintiffs are therefore entitled to a civil action in personam in admiralty against Defendants to enforce their maritime lien under 46 U.S.C. § 31325(b)(2)(A).

27. Plaintiffs hereby invoke Federal Rule 9(h) and designate the present claim as an admiralty or maritime claim, to which the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions apply.

28. Supplemental Rule B provides that when a plaintiff in Admiralty files a verified complaint praying for attachment, accompanied by an affidavit that the defendant cannot be found within the district, "the court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment."

29. The Defendants are not present and cannot be found in the District within the meaning of Supplemental Rule B as detailed in the Affidavit of Preben Jensen attached hereto as Exhibit C.

30. Defendants are believed to have or will have during the pendency of this action certain assets, including accounts held by Garnishees Bank of America and Edward Jones, both of whom are present in the District to receive a writ of maritime garnishment and attachment of these assets.

WHEREFORE, Plaintiffs pray:

A. That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular the matters alleged in the First Amended Verified Complaint;

B. That upon proper notice and hearing, judgment be entered against the Defendants

in the amount of $96,000.00, plus pre-judgment interest, costs, and any other damages this Court deems proper;

C. That because Defendants cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held or owed by Garnishees, which are due and owing to this Defendant up to and including the principal amount of at least USD $96,000.00, plus accrued and accruing interest, to secure the Plaintiffs' claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the First Amended Verified Complaint;

D. That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; AND

E. That Plaintiffs may have such other, further and different relief as may be just and proper.

## COUNT II

## BREACH OF CONTRACT

## (DIVERSITY JURISDICTION)

## (Defendants Rollinger and Knight)

31. Plaintiffs reallege the preceding paragraphs as if set forth herein.

32. Plaintiffs plead in Diversity Jurisdiction, as an independent jurisdictional ground, that Defendants breached a contract with Plaintiffs and the latter are entitled to $96,000.00 in damages

33. Plaintiffs and Defendants entered into the aforementioned Mortgage agreement, in which Defendants agreed to pay Plaintiffs monthly in the amount of $4,200 until the Mortgage in the amount of $100,800 was satisfied. See Exhibit A.

34. Plaintiffs complied fully with their obligations under the Mortgage, namely by lending Defendants $100,800 in order to purchase the aforementioned Vessel.

35. On March 25, 2013, the date on which Defendants issued a stop payment notice and refused to continue paying on the Mortgage, and at all times thereafter, Defendants have been in default on the Mortgage and in material breach of the contract between the parties.

36. Defendants' breach has caused damages to the Plaintiffs in the amount of $96,000, the remaining balance of the Mortgage.

WHEREFORE, Plaintiffs pray:

A. That upon proper notice and hearing, judgment be entered against the Defendants in the amount of $96,000.00, plus pre-judgment interest, costs, and any other damages this Court deems proper.

B. That this Honorable Court grant Plaintiff's accompanying Application for Pre-Judgment Writ of Garnishment under Rule 64 and Texas Civ. Prac. & Rem. Code § 63, in the amount of $96,000.00.

## COUNT III

## CLAIM FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

**(Defendants Rollinger, Knight, and United States Coast Guard)**

37. Plaintiffs reallege the preceding paragraphs as if set forth herein.

38. Plaintiffs seek this Honorable Court's declaration that Plaintiffs are entitled to a Preferred Ship Mortgage on the Vessel in this matter.

39. The paramount issue in this controversy is whether Plaintiff's filing of Exhibit A with the United States Coast Guard's National Vessel Documentation Center ("NVDC") created, as a matter of law, a Preferred Ship Mortgage under 46 U.S.C. § 31322(a).

40. This substantive issue is dispositive on the question of this Honorable Court's admiralty jurisdiction to attach property under Rule B.

41. The issue concerns the interpretation of federal law, namely the Ship Mortgage Act, 46 U.S.C. § 31322 and related statutes.

42. Plaintiffs are engaged in the appeal process with the U.S. Coast Guard to determine whether Exhibit A is a Preferred Ship Mortgage. Regardless of the outcome of that appeal process, Plaintiffs anticipate that the issue of whether Exhibit A is a Preferred Ship Mortgage will come before this Honorable Court, as it is a question of federal law and partially dispositive of the parties' interests in this matter. If the Coast Guard rules in Plaintiffs' favor on the issue, it is expected that Defendants will petition this court to review the Coast Guard's administrative decision, and vice versa.

43. Considerations of practicality and wise judicial administration favor declaratory judgment in this matter. Declaratory judgment will relieve the Coast Guard of the burden of an appeals process which will be redundant in light of this Honorable Court's inevitable review of their administrative decision. Declaratory judgment will avoid a surfeit of litigation on the issue of admiralty jurisdiction and the

continuing Rule B attachment of Rollinger and Knight's property. Declaratory judgment will resolve the pivotal issue of the case before the Court at the outset, and will effectively and efficiently settle the controversy without needless oscillating between rulings of this Honorable Court and the Coast Guard.

44. Absent a declaratory judgment, parties stand on uncertain ground with respect to this Court's rulings in light of the appeal process underway with the Coast Guard. Should the Court find that the Jensens are not entitled to a Preferred Ship Mortgage, and the Coast Guard subsequently find that they are, Defendants Rollinger and Knight's attached property would be subject to reattachment and the issue would be litigated anew. Again, declaratory judgment brings the inevitable issue to the fore, ensures that the issue is dealt with before all relevant parties, and obviates the need for excessive litigation.

45. The question of whether the Jensens are entitled to a Preferred Ship Mortgage is an eminently justiciable issue, the simple elements of which are:

    a. Is Exhibit A "mortgage"?

    b. Was Exhibit A filed in substantial compliance with 46 U.S.C. § 31321?

WHEREFORE, Plaintiffs pray:

A. That upon proper notice and hearing, this Honorable Court enter a Declaratory Judgment holding that Plaintiffs, Preben and Mary Jo Jensen, are entitled to a Preferred Ship Mortgage upon the Trans Pac 49 sailing vessel "Chasing Sunsets," USCG vessel documentation # 1035965, in the amount of $100,800.00 (One Hundred Thousand, Eight Hundred Dollars)

### Count IV

## REQUEST FOR PRELIMINARY INJUNCTION

### (Defendant United States Coast Guard)

46. Plaintiffs reallege the preceding paragraphs as if set forth herein.

47. Plaintiffs respectfully request this Honorable Court to issue a Preliminary Injunction directing the United States Coast Guard to restore Plaintiffs' Preferred Ship Mortgage application to its status as of December 10, 2013, the date Plaintiffs filed their original Verified Complaint with the Court. Plaintiffs further request that this Preliminary Injunction stay in effect pending final resolution of Plaintiffs' Declaratory Judgment action, Count III, *supra*.

48. As detailed above, one week after Plaintiffs filed their original Verified Complaint with the Court, Plaintiffs received a deficiency letter from the Coast Guard's National Vessel Documentation Center, indicating that the Mortgage was not eligible for filing or recording as a Preferred Ship Mortgage. Plaintiffs subsequently appealed the National Vessel Documentation Center's decision to the Commandant of the Coast Guard, which appeal is ongoing.

49. Since filing this action before the Court, the status of Plaintiffs' Preferred Ship Mortgage application with the Coast Guard has been a "moving target." Decisions made by the Coast Guard as to whether the application is deemed filed, eligible for filing, terminated, subjection to termination, or recorded, significantly affect the parties' rights before this Court as the case proceeds.

50. The protean status of Plaintiffs' Preferred Ship Mortgage application undercuts the ability of both parties to coherently litigate their case, given that the underlying facts are subject to change as proceedings move forward. This First Amended Verified

Complaint is one such instance, necessitated by Coast Guard action one week after the original Complaint was filed.

51. Should the Coast Guard issue a decision on appeal finding that the Jensens' Preferred Ship Mortgage application was ineligible for filing, there is a substantial threat that Plaintiffs would lose the security for their claim they attached under Rule B. Such an occurrence would render a final judgment against the Defendants practically moot, thus causing irreparable damage or injury to their interests if an injunction is not granted.

WHEREFORE, Plaintiffs pray:

A. That in order to preserve the status quo as of filing, this Honorable Court use its discretion to issue a Preliminary Injunction against the United States Coast Guard, mandating that it stay its appeal proceedings and restore Plaintiffs' Preferred Ship Mortgage filing to its status as of December 10, 2013, the date of Plaintiffs' original filing with this court pending the resolution of the declaratory judgment count herein; and

B. That this Preliminary Injunction stay in effect pending final resolution of Plaintiffs' Declaratory Judgment action, Count III, *supra*.

Dated: February 3, 2014

Respectfully submitted,

| | |
|---|---|
| /s/ Wade B. Shelton<br>Shelton & Valadez PC<br>600 Navarro, ste. 500<br>San Antonio, TX 78205-1860<br>210-349-0515 (telephone) | /s<br>Todd D. Lochner<br>(Admitted Pro hac vice)<br>Lochner Law Firm, P.C.<br>182 Duke of Gloucester Street<br>Annapolis, MD 21401 |

| | |
|---|---|
| 210-349-3666 (facsimile)<br>wshelton@shelton-valadez.com<br>SBOT 18211800<br>Attorneys for Plaintiffs | (443) 716-4400<br>tlochner@boatinglaw.com<br>Maryland District Court Federal Bar #25691<br>Attorneys for Plaintiffs |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Preben V. Jensen, | § § | |
| Mary J. Jensen, | § | Civil Action No. 5:13-cv-01095-DAE |
| Plaintiffs; | § § § | |
| v. | § § | |
| Judy Rollinger | § § | |
| and | § § | |
| Rick Knight | § § | |
| and | § § | |
| United States Coast Guard | § | |
| Admiral Robert J. Papp, Jr., in his official capacity as Commandant of the Coast Guard | § § § | |
| Defendants | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February, 2014, I a copy of the above First Amended Verified Complaint was mailed by the United States Postal Service to the following persons:

Philip Snyder
Royston Rayzor
Fountainhead Tower
8200 I.H. 10 West, Suite 610
San Antonio, Texas 78230
*Attorneys for Defendants*

Kim Swayne
Restricted Account Manager
130 Edward Jones Blvd.
St Louis, MO 63043
*Garnishee Edward Jones*

Evan A. Moeller
HIRSCH & WESTHEIMER, P.C.
Bank of America Center
1415 Louisiana, 36th Floor
Houston, Texas 77002
*Attorney for Garnishee Bank of America*

_____
Todd. D. Lochner

## ACKNOWLEDGEMENT AFFIDAVIT OF PATRICIA HOLLOWAY, ESQ.

The undersigned affiant, Patricia Holloway, under penalty of perjury, deposes and says:

1. I am over eighteen years of age and am competent to testify as to the matters here set forth.

2. I make this affidavit on the basis of my personal knowledge.

3. I am an attorney practicing with the Holloway Law Firm and barred in the State of Texas, Bar ID Number 24045251

4. I hereby acknowledge that the attached copy of the Ship Mortgage Promissory Note is a true and complete copy of the Note in my possession, drafted by me and affirmed by the parties that the signatures thereto are of Preben and Mary Jo Jensen as Lenders, and Judy Rollinger and Rick Knight as Borrowers

5. I hereby acknowledge and affirm that the signatures on the included copy of the Note/Ship's Mortgage are affirmed by the parties to be the authentic signatures of the parties to this agreement.

_____
Patricia Holloway

Attorney
Holloway Law
14090 Southwest Freeway, Suite 300
Sugar Land, Texas 77478
Tel. 281-290-9772
Fax 866-305-6625

Exhibit A

## Promissory Note

**Buyers/Borrowers:** JUDY ROLLINGER and RICK KNIGHT

**Borrower's Mailing Address:**

JUDY ROLLINGER
RICK KNIGHT
17710 Mantana Drive
Spring, Texas 77388
Harris County

**Sellers/Lenders:** PREBEN JENSEN and MARY JO JENSEN, husband and wife.

**Place for Payment:**

Direct Payments from Bank of America Account in the name of Judy Rollinger, ending in 7690, and delivered to the Bank of America Account in the name of Lenders, ending in 4197, or any other amended place that Lenders and Borrowers agree to in writing.

**Principal Amount:** $100,800. ONE HUNDRED THOUSAND, EIGHT HUNDRED DOLLARS.

**Maturity Date:** December 5, 2015

**Terms of Payment:**
The Principal Amount is due and payable in equal monthly installments of FOUR THOUSAND TWO HUNDRED AND NO/100 DOLLARS ($4,200.00), on the 6th day of each month, beginning January 5, 2013 and continuing until the unpaid principal has been paid in full.

**Security for Payment:** Tran Pac 49 vessel VIN # TMUA49140778 with the USCG vessel documentation # 1035965

Buyer/Borrower promises to pay to the order of Lender the Principal Amount listed above. This note is payable at the Place for Payment and according to the Terms of Payment.
Executed this _____ day of _____, 2012.

_____
JUDY ROLLINGER, Buyer/Borrower

_____
RICK KNIGHT, Buyer/Borrower

Accepted this _19_ day of _July_, 2012.

_____
PREBEN JENSEN, Seller/Lender

_____
MARY JO JENSEN, Seller/Lender

Exhibit A

## VERIFICATION

Preben Jensen, being duly sworn, deposes and says:

1. I am a Plaintiff in this matter, am familiar with the circumstances of the complaint, and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of Defendants Judy Rollinger and Rick Knight, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. I have read the complaint, and to the best of my knowledge the factual allegations of Plaintiff's request are true and accurate statements.

3. The Exhibits attached to the complaint are true copies of the mortgage Agreement and Stop Payment Notice, supporting the demand of the Verified Complaint.

> Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.
>
> Executed on January 17, 2014.
>
> _____
> Preben Jensen
> P.O. Box 1575
> Frisco, CO 1575
> *Plaintiff*

```
                BANK OF AMERICA, N.A.              Page 001 of 002                    H
                WEST RETURN ITEMS                  Bank    : 00318
                                                   Center  :
                                                   Divider : 2,871
                                                   Code    : 1
```

```
                                                   Deposit Account :xxxxxxxxx4197
                                                   Charge Account  :xxxxxxxxx4197
    >000250 3188688 0001 008239 10Z                Store/Reference :000000000000000
    PREBEN V JENSEN
    MARY J JENSEN
    PO BOX 1575
    FRISCO   CO      80443-1575
    US
```

Date of Notice: 03-25-2013

Dear Valued Customer:

We are writing to notify you that the item or items listed below, which were deposited to your account, have been returned unpaid. As a result, we have charged them to your account. Please adjust your account records by subtracting the total shown below.

```
Number of Returned Items:                 1
Amount of Returned Item(s):        4,200.00
Return Items Fee:                     12.00
Total:                             4,212.00
```

| SEQUENCE/ | ABA NUMBER/ | MAKER NAME/ | RETURN REASON/ | AMOUNT |
| DEP DATE | DEP AMOUNT | CHECK DATE | Additional Data | |
| | | | Stop Payment | 4,200.00 |
| 3/20/2013 | 4,200.00 | | | |

If you have any questions or need additional information, please contact one of our customer service representatives toll-free at 1-800-432-1000. We appreciate your business and look forward to serving you in the future.

Sincerely,
Returns & Exceptions

Exhibit B (Redacted)



03/25/2013

This is a LEGAL COPY of your check. You can use it the same way you would use the original check

RETURN REASON-C
STOP PAYMENT

## STOP PAYMENT

PLEASE POST THIS PAYMENT FOR OUR MUTUAL CUSTOMER

Account: ▮▮▮▮▮▮▮▮     $4,200.00

JUDITH ANN ROLLINGER
LINDA M JOSLIN
17710 MANTANA DR
SPRING, TX 77388-5044

Please Direct Any Questions
To 877-246-7923
Payment Processing Center
P O Box 1075
Hickory NC 28603-1024

NORTHERN TRUST

70-2387/718

March 05, 2013

Pay FOUR THOUSAND TWO HUNDRED AND 00/100 — — — — — — — —     DOLLARS

$ ******4,200.00

To The Order Of
PREBEN JENSEN
PO BOX 1575
FRISCO CO 80443-1575

REMITTANCE VOID IF NOT CASHED WITHIN 90 DAYS

AUTHORIZED SIGNATURE

Exhibit B (Redacted)