UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PREBEN V. JENSEN, | ) |
| | ) |
| MARY J. JENSEN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil 5:13-cv-01095-DAE |
| | ) |
| JUDY ROLLINGER, | ) |
| | ) |
| RICK KNIGHT, | ) |
| | ) |
| UNITED STATES COAST GUARD, | ) |
| | ) |
| ROBERT J. PAPP, JR., in his official | ) |
| Capacity as Commandant of the | ) |
| Coast Guard, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT AND
<u>AMENDED APPLICATION FOR PRELIMINARY INJUNCTION</u>**

The United States submits this Reply in Support of its Motion to Dismiss Plaintiffs' Second Amended Complaint and Amended Application for Preliminary Injunction. This Court lacks subject matter jurisdiction as to the United States because under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, the "final agency action" to be reviewed was not taken before suit was commenced. In addition, venue under the APA is improper in this District.

**I.    The Court Lacks Subject Matter Jurisdiction over the Claims against the United States.**

Under the APA, judicial review is available for "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a

court . . . ." 5 U.S.C. § 704. At the time the Jensens filed their First Amended Complaint and Application for Preliminary Injunction, there had been no final agency action for purposes of judicial review under the APA. Plaintiffs had appealed the decision of the Director of the National Vessel Documentation Center ("NVDC") to the Commandant of the Coast Guard but the Coast Guard had not yet acted on the appeal. On March 10, 2014, the Coast Guard issued its decision affirming the actions of the NVDC. The Plaintiffs subsequently filed their Second Amended Complaint and Amended Application for Preliminary Injunction.

Plaintiffs now argue that the Coast Guard's final agency action occurred on December 17, 2013, when the NVDC informed Plaintiffs that the Promissory Note they submitted was ineligible for filing as a Preferred Ship Mortgage. (Dkt. # 31, p. 3). Plaintiffs' argument ignores the fact that they administratively appealed the NVDC's decision. The Coast Guard's final agency action occurred when it denied the appeal on March 10. *See* Dkt. # 30-1.

The Coast Guard regulations addressing documentation of vessels provide for a right of administrative appeal. "Any person directly affected by a decision or action taken under this part by or on behalf of the Coast Guard may appeal therefrom in accordance with subpart 1.03 of this chapter." 46 C.F.R. § 67.12. The regulations state that any appeal must be submitted within 30 days. 46 C.F.R. § 1.03-15(c). "Failure to submit a formal appeal in accordance with the procedures and time limits contained in this subpart results in the decision or action becoming final agency action." 46 C.F.R. § 1.03-15(i). If a party chooses to appeal a decision to the Commandant or his designee, as here, the Commandant's decision constitutes final agency action. "Any decision made by

the Commandant, or by the Deputy for Operations Policy and Capabilities (CG-DCO-D), or by an office chief pursuant to authority delegated by the Commandant is final agency action on the appeal." 46 C.F.R. § 1.03-15(j).  These provisions establish that once a party chooses to appeal a decision to the Commandant, the decision does not become final agency action until the Commandant acts on the appeal.  *See Dresser v. Ingolia,* 307 Fed. App'x. 834, 840 (5th Cir. 2009) (analyzing similar Coast Guard regulations and holding that party's appeal of decision to Commandant meant that underlying decision could not be "final agency action"); *Dresser v. Meba Med. & Benefits Plan,* 628 F.3d 705, 707 (5th Cir. 2010) (summarizing district and appellate court opinions in *Dresser v. Ingolia*).

Plaintiffs cite *Darby v. Cisneros,* 509 U.S. 137, 145 (1993), in support of their position but in fact, *Darby* supports the position taken by the United States on this issue. Section 704 of the APA "has long been construed by this and other courts merely to relieve parties from the *requirement* of petitioning for rehearing before seeking judicial review . . . but not to prevent petitions for reconsideration that are actually filed from rendering the orders under reconsideration nonfinal." (emphasis in original).  *Darby v. Cisneros,* 509 U.S. 137, 145 (1993) (quoting *ICC v. Locomotive Engineers,* 482 U.S. 270, 284-285 (1987)).  An initial decision made by an agency employee becomes the decision of the agency without further proceedings unless there is an appeal to the agency within the time provided by the agency's regulations.  "An agency may permit an examiner to make the initial decision in a case, which becomes the agency's decision in the absence of an appeal to or review by the agency.  If there is such review or appeal, the examiner's initial decision becomes inoperative until the agency determines the matter." *Darby,* 482

3

U.S. at 147 (quoting S. Rep. No. 752, 79th Cong., 1st Sess., 27 (1945); Administrative Procedure Act: Legislative History 1944-1946, S. Doc. No. 248, 79th Cong., 2d Sess., 213 (1946)).

In this case, the Plaintiffs availed themselves of the Coast Guard appeals process, subjecting the National Vessel Documentation Center's decision to review and possible reversal by the Commandant.  Plaintiffs' appeal had the effect of staying the finality of the NVDC decision.  Plaintiffs' contention that final agency action occurred even though their appeal was pending before the Commandant is illogical and contrary to established precedent.

Because there was no final agency action when Plaintiffs filed their Amended Complaint and Application for Temporary Injunction, this Court lacks subject matter jurisdiction to entertain the claims involving the United States.  *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004).  Additionally, Plaintiffs' filing of the Second Amended Complaint after the Coast Guard's final agency action was completed does not vest this Court with subject matter jurisdiction.  A party "invoking the jurisdiction of the court cannot rely on events that unfolded after the filing of the complaint to establish its standing."  *Dresser,* 307 Fed. App'x. at 840 (quoting *Kitty Hawk Aircargo, Inc. v. Chao,* 418 F.3d 453, 460 (5th Cir. 2005)); *see also Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826 (1989) (existence of federal jurisdiction ordinarily depends on facts as they exist when complaint is filed).

## II. Venue Under the APA Is Improper in This District.

Under 28 U.S.C. § 1391(e), venue in this case is proper in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. As established in the United States' Motion to Dismiss, there is no basis to support Plaintiffs' contention that venue is proper in the Western District of Texas.

In their opposition brief, Plaintiffs argue that "the underlying action in this suit is the attachment under Supplemental Admiralty Rule B of property which is located in the Western District of Texas." Dkt. # 31, p. 11. In fact, the action is one to "foreclose on a Preferred Ship Mortgage held by Plaintiffs against Defendants Rollinger and Knight, which Defendants have defaulted on in the amount of $96,000." Dkt. # 22, ¶ 2. The underlying action centers on the sailing vessel CHASING SUNSETS. Plaintiffs acknowledge that CHASING SUNSETS is located in Panama. Dkt. # 22, ¶ 17. Moreover, it is questionable whether the Plaintiffs' action against the United States to appeal an administrative decision regarding a Preferred Ship Mortgage even has "property" as its subject matter at all. In any event, the presence of Rollinger's and Knight's accounts and assets in Texas has no bearing on the question of venue for Plaintiffs' APA suit against the United States.

Plaintiffs' other arguments regarding venue are equally unpersuasive. The creative assertion that the attached property should be considered a defendant for venue purposes is unavailing. Whether the Western District of Texas provides the most convenient forum is disputable but irrelevant.

Plaintiffs have failed to demonstrate that their chosen venue is proper.  *See Real Estate Training Internat'l, LLC v. The Nick Vertucci Co., Inc.,* No. SA-14-CV-0099, 2014 U.S. Dist. LEXIS 48130 at *4, 2014 WL 1383897 at *2 (W.D. Tex. 2014) (once a defendant challenges venue, plaintiff has burden of demonstrating that chosen venue is proper).  Where a court finds that venue is improper, it must dismiss the case or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

### III.     Conclusion

For the reasons stated here and in the United States' Motion, the Court should dismiss the Plaintiffs' Second Amended Complaint and Amended Application for Preliminary Injunction under Rules 12(b)(1), 12(b)(3) and 12(h)(3).

Dated:  June 4, 2014                                       Respectfully submitted,

                                                      STUART F. DELERY
Assistant Attorney General

ROBERT PITMAN
United States Attorney

GARY WRIGHT
Assistant United States Attorney

 /s/ Michael W. Kerns
MICHAEL W. KERNS
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 14271
Washington, DC 20044-4271
(202) 616-4020
(202) 616-4002 fax
michael.kerns@usdoj.gov
Attorneys for Defendant
United States of America

## CERTIFICATE OF SERVICE

I certify that on the 4th day of June, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties participating in the CM/ECF system.  A copy of the foregoing has been mailed to Edward D. Jones & Co.

**Todd Lochner**
Lochner Law Firm, P.C.
182 Duke of Gloucester St.
Annapolis, MD 21401
443-716-4400
Fax: 443-716-4405
Email: tlochner@boatinglaw.com

**Wade Bryant Shelton**
Shelton & Valadez, P.C.
600 Navarro
Suite 500
San Antonio, TX 78205
(210) 349-0515
Fax: 210/349-3666
Email: wshelton@shelton-valadez.com

**Will W. Pierson**
Royston, Rayzor, Vickery & Williams
802 N. Carancahua
1300 Frost Bank Plaza
Corpus Christi, TX 78476-3509
(361) 884-8808
Fax: (361) 8847261
Email: will.pierson@roystonlaw.com

**William P. Glenn , Jr.**
Royston Rayzor Vickery & Williams, L.L.P.
306 22nd Street, Suite 301
Galveston, TX 77550
(409) 763-1623
Fax: (409) 763-3853
Email: bill.glenn@roystonlaw.com

**Evan A. Moeller**
Hirsch & Westheimer, PC
1415 Louisiana Steet, 36th Floor
Houston, TX 77002
(713) 223-5181
Fax: (713) 223-9319
Email: emoeller@hirschwest.co

**Edward D. Jones & Co., L.P.**
c/o Kim Swayne, Restricted Account Manager
130 Edward Jones Blvd.
St. Louis, MO 63043
(Via Federal Express)

s/ Michael W. Kerns
MICHAEL W. KERNS