UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PREBEN V. JENSEN and MARY J. JENSEN, | § § § | No. SA:13-CV-1095-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| JUDY ROLLINGER and RICK KNIGHT, | § § § | |
| Defendants. | § § § | |

ORDER GRANTING APPLICATION FOR PRE-JUDGMENT WRIT OF
GARNISHMENT

On September 8, 2014, the Court heard oral argument on an Application for Pre-Judgment Writ of Garnishment (Dkt. # 7) filed by Plaintiffs Preben and Mary Jo Jensen ("Plaintiffs"). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration, the Court **GRANTS** Plaintiffs' Motion.

1

BACKGROUND

On December 4, 2013, Plaintiffs filed a Verified Complaint in Admiralty against Defendants, requesting issue of a writ of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims.  (Dkt. # 1 ¶ 4.)

On December 10, 2013, this Court, determining that the conditions of Rule B appear to exist, authorized process of attachment and garnishment, and ordered the Clerk of the Court to immediately issue a process of Maritime Attachment and Garnishment for Defendant's tangible or intangible property as described in the complaint up to the amount sued upon in the verified complaint—$96,000.  (Dkt. # 3.)  Garnishees Edward D. Jones & Co., L.P., and Bank of America, N.A., both filed answers to the writs of garnishment.  (Dkt. ## 5, 6.) Garnishee Edward D. Jones & Co., L.P., responded that it is in the possession of four accounts: (1) a Single Brokerage Account held for the benefit of Judy Rollinger, with a total account value of $11,081.13, all in cash; (2) a Traditional Individual Retirement Account (IRA) held for the benefit of Judy Rollinger, with an estimated market value of $54,584.49 comprised of shares of two mutual funds and $270.89 in cash; (3) a Traditional Individual Retirement Account (IRA) held for the benefit of Judy Rollinger, with an estimated market value of $369,793.59 comprised of shares of one mutual fund, shares of two unit trusts, and $6,238.13 in

cash; and (4) a Roth Individual Retirement Account (IRA) held for the benefit of Judy Rollinger, with an estimated market value of $12,590.47 comprised of shares of three mutual funds and #$308.13 in cash.  (Dkt. # 5.)  Following a reasonable search, Garnishee Edward D. Jones & Co., L.P., did not locate any accounts for Rick Knight.  (Id.)

Garnishee Bank of America, N.A., responded that it is in possession of safe deposit boxes belonging to Judy Rollinger and it is "aware that Bank of America, N.A.," is indebted to Rick Knight, but is not aware of any other entity possessing effects belonging to Rick Knight.  (Dkt. # 6.)

Plaintiffs have filed the instant Application for Pre-Judgment Writ of Garnishment.  (Dkt. # 7.)  Plaintiffs request such relief, stating that if admiralty jurisdiction in this matter is defeated, the garnishments already made on Defendants' funds would be vacated although the Court would still have diversity jurisdiction.  (Id. ¶ 3.)  Because Defendants currently reside in Panama, Plaintiffs are concerned that if the garnished funds are vacated they will be left with no avenue of relief against Defendants.  (Id.)  Therefore, the Plaintiff request that the Court enter a Pre-Judgment Writ of Garnishment attaching Defendants' tangible or intangible property or any other funds held or owed by Garnishees Edward D. Jones & Co., L.P. and Bank of America, N.A., up to and including the principal amount of $96,000.00, plus accrued and accruing interest.  (Id. at 4.)

Defendants did not respond to Plaintiffs' Application.[1]

## ANALYSIS

Rule 64 of the Federal Rules of Civil Procedure provides:

(a) **Remedies Under State Law—In General**. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

(b) **Specific Kinds of Remedies**. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action: . . . garnishment . . . and other corresponding or equivalent remedies.

Fed. R. Civ. P. 64.  The Texas statute governing pre-judgment writs of garnishment is § 63.001(2) of the Texas Civil Practice and Remedies Code. Section 63.001 provides:

A writ of garnishment is available if:

(2) a plaintiff sues for a debt and makes an affidavit stating that:

(A) the debt is just, due, and unpaid;

(B) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and

---

[1] Defendants Rollinger and Knight have made a restricted appearance pursuant to Supplemental Rule E(8) by filing their Motion to Vacate Writs of Attachment (Dkt. # 12).  Because such restricted appearance "is not an appearance for the purposes of any other claim," Defendants have not made an appearance and, thus, have not responded to the instant motion.

>    (C) the garnishment is not sought to injure the defendant or the garnishee.

Tex. Civ. Prac. & Rem. Code 63.001(2).

Here, Plaintiffs have filed a verified complaint, suing for repayment of a debt in the amount of $96,000 resulting from an unpaid promissory note whereby Plaintiffs agreed to lend Defendants $100,800.00, and Defendants agreed to repay the debt at a rate of $4,200.00 per month.  After failing to make monthly payments since February 2013, a sum of $96,000.00 remains unpaid on the debt.  Plaintiffs have attached the affidavit of Preben Jensen stating the same.

Plaintiffs also aver that, to their knowledge, Defendants do not possess property in Texas that is subject to execution sufficient to satisfy the unpaid debt.  In support, Plaintiffs attach the affidavit of Gregory Singer, an attorney at Plaintiffs' law firm.  (Id., Ex. A. at 3.)  Singer avers that in a good faith effort to locate property owned by Defendants, he has searched Texas UCC filings, public land records, and the LexisNexis Asset Report database.  (Id.)  According to Singer, the searches have revealed only real property located at 17710 Mantana Drive, Spring, Texas, which Singer asserts "is suspected to be a homestead, and therefore not subject to execution."  (Id. at 4.)

Finally, in his affidavit, Plaintiff Preben Jensen states that this garnishment is not sought to injure Defendants or any garnishees in this matter. (Id., Ex. A at 6.)

Texas case law requires that the Texas garnishment statute be "strictly construe[d]."  Varner v. Koons, 888 S.W.2d 511, 512 (Tex. App. 1994).  Here, Plaintiffs have attached affidavits attesting to the three requirements necessary for the availability of a pre-judgment writ of garnishment under § 61.003(2).

Texas Rule of Civil Procedure 658 applies to writs of garnishment and provides:

> No writ [of garnishment] shall issue before final judgment except upon written order of the court after a hearing, which may be ex parte. The court in its order granting the application shall make specific findings of facts to support the statutory grounds found to exist, and shall specific the maximum value of property or indebtedness that may be garnished and the amount of bond required of plaintiff.  Such bond shall be in an amount which, in the opinion of the court, shall adequately compensate defendant in the event plaintiff fails to prosecute his suit to effect, and pay all damages and costs as shall be adjudged against him for wrongfully suing out the writ of garnishment.

Tex. R. Civ. P. 658.

Finding that Plaintiffs have met all the requirements of § 63.001(2) of the Texas Civil Practice and Remedies Code, and with no response by Defendants arguing otherwise, the Court concludes that Plaintiffs have complied with the state's requirements for pre-judgment writ of garnishment and are therefore entitled to such relief.

CONCLUSION

For the foregoing reasons, Plaintiffs' Application for Pre-judgment Writ of Garnishment (Dkt. #7) is **GRANTED**. The Clerk of the Court shall issue a Writ of Garnishment attaching Defendants' tangible or intangible property or any other funds held or owed by Garnishees Edward D. Jones & Co., L.P. and Bank of America, N.A., up to and including the principal amount of $96,000.00, plus accrued and accruing interest.

It is further ordered that Plaintiffs shall submit a bond in the amount of $2,000 upon issuance of the writ, which, in the opinion of the court, shall adequately compensate defendants in the event plaintiffs fail to prosecute their suit to effect, and pay all damages and costs as shall be adjudged against them for wrongfully suing out the writ of garnishment

IT IS SO ORDERED.

DATED: San Antonio, Texas, September 11, 2014.

_____
David Alan Ezra
Senior United States Distict Judge